IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA DAVID WALTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:24-cv-1192-DWD |
| ) | |
| JENNIFER BECKER-ROSCOW, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

On April 30, 2024, Plaintiff filed a *pro se* Complaint for Violations of his Civil Rights against Defendant, who is a judicial officer in the Circuit Court of Randolph County, Illinois. (Doc. 3). Plaintiff alleges violations by Defendant, in her official and personal capacities, of the Fourteenth Amendment, the Judiciary Act of 1798, and "[t]he Organic Act" under 42 U.S.C. § 1983. (Doc. 3, pgs. 2-3, 8). His entire claim alleges as follows:

> Jennifer Becker-Roscow on October 20th, 2023, the first court date appearance[,] was asked a series of questions trying to clarify things in court. I first asked if she had reviewed any of the things that I had submitted for her to look at, I am not a lawyer and was trying to get clarification on questions and things that I did not understand. I was told repeatedly to 'SIT DOWN AND SHUT UP,' I told her that I did not understand or comprehend what was going on, and again I was told to 'SIT DOWN AND SHUT UP.' She then told me this is her courtroom and [she] will do whatever she wants. She has utilized these abusive tactics of intimidation, deceit, and coercion. At this point, I told her that she was violating my due process rights, and I asked her to state her full name for the court record and to recite her judge's oath of office. I wanted to ensure that she was going to uphold the constitution and not violate my rights. She told me that she would absolutely not be doing anything of the sort. She was not acting like anyone in the judicial capacity should act. She was very unprofessional and talked down to me because I was

> not a lawyer. She then told me that she was going to have a hearing over the matter, and I objected to this. I still did not have my questions answered and she again told me to 'SIT DOWN AND SHUT UP.' She then set the date for the hearing, and I was told to leave the court room.
>
> You can see in Exhibit A, the history of the case, I am not a lawyer and was trying figure things out as I go. I was building a case with the discovery and had one more item that was needed before the trail [*sic*]. I was clearly trying to make a case and fight these accusations. On the hearing court date of March 5, 2024, Ms. Becker-Roscow in her administrative/personal capacity, NOT an officer of the court, and 'in vacation' had written orders that were, and I quote 'done in her discretion.' I was not allowed to speak, but I did tell her again that you are violating my Due Process rights. I was then given a copy of these default orders and told to leave the courtroom. She has clearly violated the 14th amendment to the US Constitution by not allowing for my Due Process Rights. This is also a violation of the USA Judiciary Act of 1798, where they gave the courts the power, not the judge. The 'Jurisdiction is lodged in a court, not a person.' [Citation.] In Exhibit B, the judge is signing just her last name, 'in Vacation/in chambers,' and no title or stamp makes the Judgment/Orders a nullity.
>
> After the hearing and default orders were written, I filed for a Statement of Decision from Ms. Becker-Roscow as to why she wrote the default orders. I was trying to build a case for appeal, but she refused to respond to this request. Again, violating my Due Process rights and not giving me an explanation to file the appeals case.

(Doc. 3, pg. 9).

Plaintiff claims pain, suffering, torment, abuse, fatigue, grief, and misery as a result of Defendant's actions. (Doc. 3, pg. 5). He requests a declaration that Defendant's order in the state court was unconstitutional and illegal. (Doc. 3, pg. 5). Further, Defendant seeks to enjoin the enforcement of that order, which found Defendant in default and resulted in a default judgment of $36,217.54, plus costs of $407.84, against him and in favor of SoFi Lending Corporation. (Doc. 3, pgs. 5, 13).

Now, the Court notes that Plaintiff filed the full $405 fee and is not proceeding *in forma pauperis*. However, even after a litigant has paid a filing fee, district courts have "ample authority" to dismiss "transparently defective" lawsuits in order to "save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)); *accord Marshall v. Elgin Police Dep't & Detective Houghton*, No. 22-3159, 2023 WL 4102997, *1 (7th Cir. June 21, 2023) (citing 28 U.S.C. § 1915(e)); *Lewis v. Suthers*, No. 11-2428, 480 Fed. App'x 415, 416 (7th Cir. May 4, 2012). Section 1915(e)(2) confirms this "ample authority," as it states: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Also, the Seventh Circuit has noted that "ample authority" when applied solely in the context of the general rules of pleading and Federal Rule of Civil Procedure 8(a). *See Mohammed v. Prairie State Legal Servs., Inc.*, No. 20-2419, 2021 WL 4962988, *2 (7th Cir. Oct. 26, 2021); *see also* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."). "[W]hen the plaintiff is not proceeding in forma pauperis, *only* frivolousness can justify the sua sponte dismissal

3

without giving notice and the opportunity to respond." *Weinschenk v. Central Intelligence Agency*, No. 20-1859, 818 Fed. App'x 557, 558 (7th Cir. Aug. 27, 2020) (citing *Aljabri v. Holder*, 745 F.3d 816, 819 (7th Cir. 2014); *Hoskins*, 320 F.3d at 763) (Emphasis in original.).

A claim is frivolous if no reasonable person could suppose it has any merit. *Khor Chin Lim v. BMO Fin. Group*, Nos. 12-1342 & 12-1513, 497 Fed. App'x 621, 626 (7th Cir. Dec. 3, 2012) (quoting *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)); *see also Isreal v. Chovance*, No. 24-cv-18, 2024 WL 385912, *1 (E.D. Wisc. Feb. 1, 2024) ("A claim is legally frivolous when it 'lacks an arguable basis either in law or in fact.' "). A factual allegation is frivolous if it is bizarre, "clearly baseless, irrational, fanciful, delusional, or wholly incredible." *Weinschenk*, 818 Fed. App'x at 558 (citing *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016)); *Khor Chin Lim*, 497 Fed. App'x at 626 (quoting *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007)). Although *pro se* pleadings are considered under a less stringent standard than those drafted by attorneys, a liberal construction of such a pleading cannot rescue a frivolous complaint. *Haynes v. Obama*, No. 21-cv-1462, 2022 WL 36914, *1 (E.D. Wisc. Jan. 4, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Denton v. Hernandez*, 504 U.S. at 33). Relevant to this case, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see also File v. Martin*, 33 F.4th 385, 391 (7th Cir. 2022) (noting it was error for a district court to rely on *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), "which interpreted § 1983 to permit a claim for prospective relief

4

against a judicial officer acting in his judicial capacity," where "Congress abrogated *Pulliam's* holding in 1996 by amending § 1983 to expressly bar such claims").

Here, even when construing Plaintiff's Complaint in the most liberal possible sense under Rule 8(a), the Court finds it must exercise its "ample authority" to dismiss this "transparently defective" lawsuit. *See Hoskins*, 320 F.3d at 763; *Marshall*, 2023 WL 4102997 at *1; *Lewis*, 480 Fed. App'x at 416; *Mohammed*, 2021 WL 4962988 at *2; *see also* Fed. R. Civ. P. 8(a). The allegations in Plaintiff's claim are frivolous. *See Weinschenk*, 818 Fed. App'x at 558. No reasonable person could conclude Plaintiff's allegations that Defendant violated his due process rights and/or the cited statutes—*e.g.*, by attempting to maintain order in her courtroom, refusing to answer Plaintiff's "series of questions," refusing to state her full name and to recite her oath of office, holding a hearing on the pending matters, or resolving the matters with written orders—have any merit. *See Khor Chin Lim*, 497 Fed. App'x at 626; *Isreal*, 2024 WL 385912 at *1; *Weinschenk*, 818 Fed. App'x at 558. Such allegations are especially problematic in light of the fact that Plaintiff, by his own admission, may not have appealed to the Illinois Appellate Court. For these reasons, the Court can discern no basis on which Plaintiff is entitled to the declaratory and injunctive relief requested in the Complaint. *See* 42 U.S.C. § 1983; *File*, 33 F.4th at 385.

Therefore, the case is **DISMISSED with prejudice**. The Motion for Service of Process at the Government's Expense is **DENIED as moot**. The Clerk of the Court is **DIRECTED** to close the case after entering judgment for Defendant and against Plaintiff.

**SO ORDERED.**

Dated: May 29, 2024

*s/ David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge
